IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODNEY JOHN RAMIREZ, | § | |
| (TDCJ-CID #864913) | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-17-2750 |
| | § | |
| JOHN DOE #1, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ON DISMISSAL**

**I.  Background**

Rodney John Ramirez, a Texas Department of Criminal Justice inmate, sued in September 2017, alleging civil rights violations resulting from a denial of due process. Ramirez, proceeding pro se and in forma pauperis, sues four unnamed officials in the TDCJ Classification and Records Office. Ramirez asserts that on April 6, 1989, he pleaded guilty to the third-degree felony offense of theft of over $750.00 and less than $20,000.00 in the 243rd Judicial District Court of El Paso County, Texas. (Cause Number 54210). Ramirez was sentenced to a prison term of six years. Ramirez complains that during the intake process at the TDCJ on October 19, 1989, a prison official incorrectly reported that Ramirez had been convicted of the first-degree offense of burglary of a habitation under Cause Number 54210. Ramirez explains that he was actually convicted of theft of over $750.00 and less than $20,000.00, not burglary of a habitation.

Ramirez states that on April 20, 1990, the trial court entered Judgment Nunc Pro Tunc which increased the county jail flat time credited from that of 48 days, to that of 116 days. The trial court also removed the inaccurate reference to the offense being a burglary of a habitation and instructed

the Defendants to conform their electronic/paper records to the judgment of conviction and sentence nunc pro tunc. Ramirez asserts that the Defendants failed to comply with the trial court's instructions, and on December 4, 1991, the trial court once again entered an Order Nunc Pro Tunc instructing the Defendants to conform their electronic/paper records to reflect that the offense of conviction under El Paso County Cause Number 54210 is theft over $750.00 but less than $20,000 with a sentence of six years imprisonment imposed and 116 days of County Jail flat time credited. The trial court reissued the order on January 25, 2016, and the Defendants complied on May 9, 2016. Ramirez states that he discharged the wrongful sentence on March 18, 1995.

Ramirez seeks a declaratory judgment that the Defendants violated his civil rights. He further seeks compensatory damages of $80,000 for each of the six years of his prison term; $68,000 against each Defendant jointly and severally; and punitive damages of $10,000 against each Defendant.

## II. Discussion

A federal court has the authority to dismiss an action in which the plaintiff is proceeding *in forma pauperis* before service if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

Dismissal of an action is appropriate when "it is clear from the face of a complaint filed *in*

*forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Gartrell*, 981 F.2d at 256. In section 1983 cases, the federal courts apply the forum state's general personal injury statute of limitations. *Burge v. Parish of St. Tammany*, 996 F.2d 786, 788 (5th Cir. 1993)(citing *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989)). Although the governing period of limitations is determined by reference to state law, the accrual of a cause of action under section 1983 is determined by reference to federal law. *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). Under the federal standard, "a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Harris v. Hegmann*, 198 F.3d 153, 156-57 (5th Cir. 1999)(quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)). The plaintiff must be in possession of "critical facts" which indicate that he has been hurt and that the defendants were responsible for the injury. *Stewart v. Parish of Jefferson*, 951 F.2d 681, 684 (5th Cir.), *cert. denied*, 506 U.S. 820 (1992). A plaintiff need not realize that a legal cause of action exists, but must know the facts that would support a claim. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

The Texas period of limitations for personal injury actions is two years. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon 2018). Ramirez's claim arose from the events of October 19, 1989, when he discovered the error as to his conviction. Ramirez did not file this suit until September 7, 2017, almost twenty-six years after limitations had run.

The statute of limitations bars Ramirez from asserting his civil rights claims against the named Defendants. Ramirez's claims are dismissed under 28 U.S.C. § 1915(e). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

Alternatively, Ramirez's claims are barred by the doctrine announced in *Heck v. Humphrey*,

512 U.S. 477, 486-87 (1994). In *Heck,* the Court explained that a complaint brought pursuant to 42 U.S.C. § 1983 must be dismissed when the civil rights action, if successful, would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.

As noted, Ramirez states that he was convicted of theft over $750.00 but less than $20,000 in Cause Number 54210, but the TDCJ incorrectly treated him as having been convicted of burglary of a habitation. Ramirez states that he discharged this wrongful sentence in 1995.

Construed liberally, the crux of Ramirez's complaint is that he was improperly convicted of burglary of a habitation on April 6, 1989. He submits an order dated January 25, 2016 from the 243rd Judicial District Court of El Paso County, Texas. (Docket Entry No. 2, pp. 20-21). Ramirez alleges that the district court vacated his conviction for burglary of a habitation in Cause Number 54210.

Ramirez's submissions show that on "October 13, 2015, Movant filed a Motion for an Order of Notification to the Texas Department of Criminal Justice Correctional Institutions Division and Pardons and Paroles Division of Trial Court Entering Judgment of Conviction under the above-styled and number cause." The trial court ordered that:

> The District Clerk's Office is directed to forward a Certified copy of this Court's Judgment of Conviction, entered on April 6, 1989, reflecting Movant's conviction for the felony offense of Theft Over $750.00 but less than $20,000 under the above-styled and numbered cause, to the Texas Department of Criminal Justice-Correctional Institutions Division, Public Safety Criminal Records Division, and the Department of Public Safety Criminal Records Division. IT IS FURTHER ORDERED, that the Department of Public Safety send to the Federal Bureau of

> Investigation an explanation of the effect of this Order, reflecting Movant's (Rodney Ramirez, #864913) conviction for the felony offense a Theft Over $750.00 but less than $20,000.00 . . .

(Docket Entry No. 2, p. 20).

The documents submitted by Ramirez show that the trial court ordered the TDCJ to correct its records as to the underlying offense in Cause Number 54210. Contrary to Ramirez's assertion, the trial court did not vacate his conviction in Cause Number 54210.

Ramirez was never convicted of burglary of a habitation in Cause Number 54210; rather, he was convicted of theft of over $750.00 and less than $20,000.00 in Cause Number 54210. To the extent he challenges the validity of his conviction in Cause Number 54210, a ruling granting Ramirez the relief which he seeks would necessarily implicate the validity of his conviction in Cause No. 54210.

Under *Heck,* Ramirez must demonstrate that his conviction and sentence have been reversed, invalidated, or expunged prior to bringing an action under § 1983. *Heck,* 512 U.S. at 486-87. Ramirez cannot make such a showing. He has not alleged that his conviction in Cause Number 54210 has been reversed, invalidated or otherwise expunged. Until Ramirez receives a ruling declaring his sentence invalid, no action will accrue under § 1983. *Id.* at 488-89; *Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000), *cert. denied,* 121 S. Ct. 1601 (2001) ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of *Heck*, he is barred from any recovery. . . ."). Ramirez's claims challenging his conviction for theft of over $750.00 and less than $20,000.00 are "legally frivolous" within the meaning of sections 1915(e)(2) and § 1915A(b). *Hamilton v. Lyons,* 74 F.3d 99, 102-103 (5th Cir. 1996)("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the

conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question."). Ramirez's claims are dismissed with prejudice to them being reasserted when the *Heck* conditions are met. *See Clarke v. Stalder,* 154 F.3d 186, 191 (5th Cir. 1998); *Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

### III. Conclusion

The action filed by Rodney John Ramirez (TDCJ-CID Inmate #864913) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2).

The TDCJ-CID shall deduct twenty percent of each deposit made to plaintiff's inmate trust account and forward payments to the Court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on  APR 3 0 2018

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE